# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAEEN C. JENKINS, | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-18-1554 |
| TIMOTHY STEWART, WARDEN, | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Pending is Shaeen Jenkins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' (BOP's) determination that he did not qualify for early release under the BOP's Residential Drug Abuse Program (RDAP) because his crime of conviction involved the use of violence. ECF No. 1. Petitioner subsequently filed a supplement to his Petition and a Motion to Appoint Counsel. ECF Nos. 4, 5. Counsel for Respondent has filed a Motion to Dismiss, or in the Alternative, For Summary Judgment. ECF No. 9. Respondent's Motion shall be reviewed as one for summary judgment. Although advised of his right to do so, ECF No. 10, Petitioner did not respond to Respondent's dispositive Motion and the time for doing so has expired.

After review of these filings, the Court finds no need for an evidentiary hearing. *See* Rules 1(b), 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6. For the reasons that follow, Petitioner's Motion to Appoint Counsel shall be DENIED, Respondent's Motion for Summary Judgment shall be GRANTED, and the Petition shall be DENIED AND DISMISSED.

## BACKGROUND

In 2015, Petitioner was convicted in the U.S. District Court for the District of Vermont on

the charge of possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1); and he was sentenced to 64 months imprisonment. ECF No. 1 at 1; ECF No. 9-1 at 2-3. Petitioner is presently an inmate at the Federal Correctional Institution in Cumberland, Maryland, and has a projected release date of June 7, 2019. ECF No. 1 at 1; ECF No. 9-1 at 3.

In this action, Petitioner challenges the BOP's determination that he is ineligible for early release under 18 U.S.C. § 3621(e) because his conviction involved the use of violence. ECF No. 1 at 6-8. Petitioner disputed the BOP's determination via an informal resolution request, a formal request for administrative remedy, a regional administrative remedy appeal, and a central office administrative remedy appeal. ECF No. 1-2 at 3-4, 6, 8. His argument was rejected at each step. *Id.* at 3, 5, 7, 9.

Between his § 2241 Petition and Supplement, Petitioner presents six grounds for relief, which can be grouped into the following claims: (1) his constitutional rights are being violated because he is presently "illegally incarcerated" (ECF No. 1 at 8); (2) the BOP's determination that he committed a violent act in connection with the offense of conviction is incorrect, inconsistent with the record, and not in compliance with federal regulations (ECF No. 1 at 6-8); and (3) challenges to the content of his presentence report, his underlying arrest, and counsel's effectiveness (ECF No. 1 at 7; ECF No. 4 at 1-2). In his request for relief, Petitioner states that he wants the Court to "credit early release of one year for the completion of the R-dap program. Pre-sentencing report to be corrected to reflect that 'no violence' occur."[1] ECF No. 1 at 8.

---

[1] As explained in the Analysis section, *infra*, neither of these requested forms of relief is appropriate for this Court to grant. Therefore, the Court will treat the Petition as alternatively requesting that the Court declare that the BOP was incorrectly found ineligible for early release, and that the Court order the BOP to reconsider Petitioner for early release.

## STANDARD OF REVIEW

Respondent's dispositive Motion is styled as a Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Because both parties have filed and relied on declarations and exhibits, the Motion shall be treated as one for summary judgment.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a

genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, complaints filed by a pro se litigant are liberally construed to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972).

## ANALYSIS

### A. RDAP Background

Petitioner brings this action pursuant to 28 U.S.C. § 2241, the federal habeas statute which allows a prisoner to file suit against the BOP for "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The pertinent federal statute in Petitioner's case, 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs such as the Residential Drug Abuse Treatment Program ("RDAP") and permits possible early release upon successful RDAP completion. 18 U.S.C. § 3621(e)(2)(B) (participant's prison term "*may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve" (emphasis added)).

Importantly, the statute does not guarantee eligible inmates early release. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (BOP has "the authority but not the duty ... to reduce [a prisoner's]

term of imprisonment"); *Pelissero v. Thompson*, 170 F.3d 442, 444 (4th Cir. 1999); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000). The BOP has promulgated criteria for determining early release eligibility, *see* 28 C.F.R. § 550.55, and issued Program Statement 5162.05 (Categorization of Offenses) to implement the statute. These criteria have been upheld as a valid exercise of agency discretion under 18 U.S.C. § 3621(e)(2)(B). *See Lopez*, 531 U.S. at 240 (recognizing the BOP may delineate an inmate whose current offense is a felony involving a firearm ineligible for early release); *Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2011); *Minotti v. Whitehead*, 584 F.Supp.2d 750 (D. Md. 2008).

The BOP regulations preclude early release for inmates convicted of a felony offense that "has as an element, the actual, attempted, or threatened use of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5). BOP Program Statement 5162.05 identifies specific offenses which render an inmate ineligible for early release, including those drug offenses that include a Special Offense Characteristic adjustment for use of force in connection with the offense. *See* BOP Program Statement 5162.05(4)(b).

## B. Petitioner's Arguments

### (1) "Illegally incarcerated"

Regarding Petitioner's assertion that he is presently illegally incarcerated because he is entitled to early release (ECF No. 1 at 8), this argument is plainly without merit. As explained above, even for inmates who are eligible for it and complete all steps of RDAP, early release is a mere possibility, not a guaranteed result. Petitioner has no entitlement under the Fourteenth Amendment to early release, nor does requiring Petitioner to fully serve his lawfully imposed sentence amount to cruel and unusual punishment. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a

5

convicted person to be conditionally released before the expiration of a valid sentence."); *O'Bar v. Pinion*, 953 F.2d 74, 84 (4th Cir. 1991) (a statute that creates only a hope about a future discretionary decision by prison administrators is too speculative to create a liberty interest); *Graves v. Hollingsworth*, RWT-06-2036, 2007 WL 2816182 at *4 (D. Md. Fed. 21, 2007).

(2) Incorrect conclusion about use of force

Next, the Court turns to Petitioner's contention that the BOP incorrectly determined that his offense of conviction involved the use of violence, thereby making him ineligible for early release. As noted above, the decision to grant early release under the RDAP program is a matter within the BOP's discretion pursuant to 18 U.S.C. §3621 and is not subject to judicial review. The promulgation of the policy statement implementing the early release incentive is an "internal agency guideline that has not been subjected to the rigors of notice and comment rulemaking." *Cunningham v. Scibana*, 259 F. 3d 303, 306 (4th Cir. 2001). While policy statements are not given the force of law, they are entitled to deference. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000). An agency's interpretation of a statute, such as the BOP's program statement at issue here, is afforded deference when it has the "power to persuade" as defined by the Supreme Court in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

> We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*Id.*

Petitioner contends that the BOP denied him due process by failing to adequately investigate his claims, and that its determination that Petitioner's offense involved violence was

6

arbitrary and capricious. ECF No. 1 at 6-7. He does not dispute the validity of the BOP policy statement but instead appears to disagree with the application of the policy to the facts of his particular case. However, the BOP's determination is supported by the trial court's record finding that the special offense characteristic (SOC) of use of violence applied to his offense. *See* ECF No. 1-1 at 2 (transcript from sentencing hearing in which judge stated "[t]here's no doubt in my mind that the officer was hit and that you hit him. . . . And, although there's no doubt that it occurred, there's no doubt that under the guidelines that the two points are added on . . . ."); *see also* ECF No. 1-2 at 1 (letter from trial judge to Petitioner stating "You qualified for the two-point enhancement because you struck the agent.").[2] Contrary to Petitioner's belief, the BOP's assessment of the facts of Petitioner's case was consistent with regulations and the BOP Program Statement 5162.05.

(3) Challenges to arrest, underlying proceedings

Finally, Petitioner contends that his underlying arrest violated his constitutional rights, was the product of racial profiling, and was not accurately reported by the arresting officers; that his counsel was ineffective for failing to adequately investigate Petitioner's arrest or challenge the arresting officers' account of it; and that his PSR is inconsistent with what occurred at sentencing. ECF No. 1 at 7, ECF No. 4 at 1-2. These are challenges to the validity of the underlying conviction and sentence (rather than challenges to how his sentence is being carried out), and therefore may only be raised in a habeas corpus motion under 28 U.S.C. § 2255. *See In re Vial*, 115 F.3d 1194 & n.5 (4th Cir. 1997). Unlike a § 2241 petition which must be filed in the jurisdiction of

---

[2] Petitioner's dispute with the BOP's conclusion that his offense involved use of force appears to stem from a misunderstanding about what transpired at his sentencing hearing. The sentencing court applied the SOC of use of violence, but counterbalanced the two-level enhancement warranted by such force through a downward variance. ECF No. 1-1 at 2-3. In order for the district court to "vary downward from the imposition of two points for the violence involved," *id.* at 2, it necessarily had to find that the SOC for the use of violence was applicable in the first instance.

confinement, a § 2255 motion must be filed in the jurisdiction that issued the judgment. *See* §§ 2241(a), 2255(a). Thus, Petitioner's challenges to his arrest or the proceedings in the District of Vermont are not properly before this Court. If he wishes to make such challenges, he must file a Motion under 28 U.S.C. § 2255 in that District.

## CONCLUSION

The Court concludes that Petitioner has failed to demonstrate that his continued incarceration and ineligibility for early release is unlawful and meriting habeas corpus relief. Accordingly, Petitioner's Motion for Counsel shall be denied and Respondent's Motion for Summary Judgment shall be granted.


NOVEMBER 29, 2018
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE